UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS FAZ, | § | |
| TDCJ No. 1992889, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL NO. SA-16-CA-123-RP |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner Carlos Faz paid the filing fee and filed his petition for a writ of habeas corpus under 28 United States Code § 2254 challenging the validity of his 2015 Bexar County conviction in cause no. 2013-CR-10674 for DWI, a charge to which Petitioner pleaded guilty. For the reasons set forth below, Respondent's Motion to Dismiss is granted, Petitioner's federal habeas corpus petition is dismissed without prejudice for failure to exhaust available state appellate remedies, and Petitioner is denied a Certificate of Appealability.

### I. Background

On November 27, 2013, a Bexar County grand jury indicted Petitioner on a charge of operating a motor vehicle in a public place while intoxicated.[1] The same indictment alleged that Petitioner had previously been convicted of driving while intoxicated on eight separate

---

[1] Transcript of pleadings, motions, and other documents filed in Petitioner's most recent state habeas corpus proceeding (WR-61,910-02) (henceforth "State Habeas Transcript") (ECF no. 13-4), at pp. 39-40.

occasions.[2] Petitioner pleaded guilty in Bexar County cause no. 2013-CR-10674 pursuant to a plea agreement and pleaded true to the enhancement paragraphs of the indictment against him.[3] On April 7, 2015, the trial court sentenced Petitioner to serve a ten-year term of imprisonment.[4] Petitioner filed a notice of appeal. His direct appeal, in which Petitioner is represented by counsel, is currently pending as cause no. 04-15-00223-CR before the Texas Fourth Court of Appeals.[5]

On November 30, 2015, Petitioner filed an application for state habeas corpus relief in which he falsely denied that he had appealed his conviction and argued (1) his retained counsel rendered ineffective assistance by failing to (a) research the laws, (b) challenge the validity of Petitioner's indictment on the ground that his prior convictions could not be used to enhance his sentence, (c) file motions to dismiss Petitioner's indictment, (d) challenge the conditions imposed upon Petitioner during his pretrial release on bond, (e) challenge an increase in Petitioner's bond made without proper notice, challenge as too old some of the prior convictions used to enhance Petitioner's sentence, and (f) challenge the constitutionality of the Texas statutes under which Petitioner's sentence was enhanced from a misdemeanor to a felony, (2) his

---

[2] *Id.* Documentary evidence of Petitioner's multiple prior DWI convictions and numerous instances in which his probated sentences were revoked, appear at State Habeas Transcript (ECF no. 13-4), at pp. 52-137.

[3] The trial court's admonishment and defendant's waivers and affidavit of admonitions, executed by Petitioner on January 27, 2015, appear at State Habeas Transcript (ECF no. 13-4), at pp. 42-46. The waiver, consent to stipulation of testimony, and stipulations, also executed by Petitioner on January 27, 2015, appears at State Habeas Transcript (ECF no. 13-4), at pp. 47-51.

[4] State Habeas Transcript (ECF no. 13-4), at pp. 138-39.

[5] State court records available through the official web site of the Texas Court of Criminal Appeals reveal that Petitioner filed his appellant's brief on November 10, 2015, and the State filed its responsive brief on February 10, 2016. No decision has been rendered in Petitioner's appeal.

sentence was illegally enhanced from a misdemeanor to a felony, and (3) imposition of an enhanced sentence based upon Petitioner's prior convictions for DWI violates ex post facto.[6] In an Order issued December 16, 2015, the state trial court recommended that Petitioner's state habeas corpus application be dismissed for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure which, among other things prescribes use of a form and includes a verification requirement, both of which Petitioner ignored when he submitted his pro se state habeas corpus application.[7] On January 13, 2016, the Texas Court of Criminal Appeals dismissed Petitioner's state habeas corpus application for noncompliance with Rule 73.1. *Ex parte Carlos Faz*, WR-61,910-02 (Tex. Crim. App. Jan. 13, 2016) (ECF no. 13-2).

## II. Proceedings in this Court

On February 3, 2016 (ECF no. 1), Petitioner filed his federal habeas corpus petition in this Court once again misrepresenting that he had not filed a direct appeal from his conviction and sentence. As grounds for relief, Petitioner argues (1) his trial counsel rendered ineffective assistance by (a) failing to protect his 'rights to fair notice of any defenses that are remedies by law," (b) failing to "research the laws that the making of the indictment is void because the primary offense cannot be used to enhance punishment when not yet served or final," (c) failing to argue that Petitioner's prior convictions could not be used to enhance Petitioner's misdemeanor offense to a felony, (d) failing to file motions to dismiss the indictment, (e) failing to furnish notice to Petitioner that his bond had been increased, (2) his rights to equal protection of the laws and due process have been violated, (3) his bond was increased from $25,000 to

---

[6] State Habeas Transcript (ECF no. 13-4), at pp. 1-23.

[7] State Habeas Transcript (ECF no. 13-4), at pp. 148-50.

$150,000 without proper notice, (4) Petitioner's right to avoid Double Jeopardy was violated because (a) Petitioner was required to wear an ankle monitor while awaiting trial, (b) Petitioner was required to take a pill, (c) Petitioner's automobile ignition was locked, (d) Petitioner was required to wear a soberlink monitor, and (e) Petitioner was to remain in his home under house arrest, (5) Petitioner's right to a speedy trial was violated when he was indicted in early 2013 but not tried until 2015, (6) Petitioner is entitled to his immediate release for time served because his due process rights were violated, (7) Petitioner was sentenced under § 49.09 of the Texas Penal Code but he was admonished as to the range of punishment under § 49.04 of the Texas Penal Code, (8) § 49.09(b) of the Texas Penal Code is unconstitutional as a retroactive statute in violation of ex post facto principles and a violation of equal protection principles, (9) Petitioner's guilty plea is invalid because it was involuntary and unknowing because it was based on erroneous information and erroneous legal advice, specifically, representations that (a) Petitioner qualified for probation and treatment, (b) his trial counsel would file an appeal bond on Petitioner's behalf, (c) Petitioner's trial counsel would file an appeal premised upon the denial of Petitioner's motion to suppress, (d) Petitioner's trial counsel would put the motion to suppress before the jury and if the jury ruled in Petitioner's favor, the case would be over, and (e) Petitioner had been accepted into the treatment program.

On April 22, 2016 (ECF no. 14), Respondent filed a motion to dismiss Petitioner's federal habeas corpus petition for failure to exhaust available state court remedies. On May 4, 2016 (ECF no. 15), Petitioner filed a purported response to Respondent's motion to dismiss in which Petitioner failed to address Respondent's allegations that (1) Petitioner's direct appeal was then pending before the state appellate courts, (2) Petitioner's state habeas corpus application had been summarily dismissed, and (3) therefore, Petitioner had failed to fairly present to the Texas

Court of Criminal Appeals any of the claims for relief contained in Petitioner's federal habeas corpus petition.

### III. Unexhausted Claims

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971); 28 U.S.C. §2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. *See Baldwin v. Reese*, 541 U.S. at 29-32 (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion); *O'Sullivan v. Boerckel*, 526 U.S. at 844-45 (holding comity requires that a state prisoner present the state courts with the first opportunity to review a federal claim by invoking one complete round of that State's established appellate review process); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (holding that, for purposes of exhausting state remedies, a claim for *federal* relief must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief and rejecting the contention that the exhaustion requirement is satisfied by presenting the state courts only with the facts necessary to state a claim for relief). The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts and, thereby, to protect the state

courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. *Carey v. Saffold*, 536 U.S. 214, 220 (2002); *Duncan v. Walker*, 533 U.S. 167, 179 (2001); *O'Sullivan v. Boerckel*, 526 U.S. at 845; *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Under the AEDPA, federal courts lack the power to grant habeas corpus relief on unexhausted claims. *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003)("28 U.S.C. § 2254(b)(1) requires that federal habeas petitioners fully exhaust remedies available in state court before proceeding in federal court."), *cert. denied*, 543 U.S. 835 (2004); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003); *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003); *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003)("Absent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief."), *cert. denied*, 540 U.S. 956 (2003); *Mercadel v. Johnson*, 179 F.3d 271, 276-77 (5th Cir. 1999); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999).  However, 28 U.S.C. § 2254(b)(2) empowers a federal habeas court to deny an exhausted claim on the merits. *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002), *cert. dism'd*, 541 U.S. 913 (2004); *Daniel v. Cockrell*, 283 F.3d 697, 701-02 (5th Cir. 2002), *cert. denied*, 537 U.S. 874 (2002).  The exhaustion of *all* federal claims in state court is a fundamental prerequisite to requesting federal collateral relief under 28 U.S.C. § 2254. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996); 28 U.S.C. § 2254(b)(1)(A).

Petitioner had presented a number of claims in his Appellant's Brief but none of those claims have been finally adjudicated by the state appellate courts.  Petitioner has yet to file a petition for discretionary review with the Texas Court of Criminal Appeals.  Thus, none of the

claims contained in Petitioner's currently pending direct appeal have yet been "fairly presented" to the Texas Court of Criminal Appeals. Likewise, while Petitioner has filed a state habeas corpus application, Petitioner's failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure led to the summary dismissal of his state habeas application. Under Texas law, dismissal of a state habeas corpus application does not constitute a ruling on the merits of the claims contained in that application. *Ex parte Saldana*, 227 S.W.3d 700, 703 (Tex. Crim. App. 2007); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Thus, there had not yet been a ruling on the merits of any of the claims Petitioner included in his state habeas corpus application; Petitioner has thus far failed to "fairly present" the claims contained in his state habeas application to the state courts. Petitioner makes no allegations that any exceptional circumstances are present in this case to excuse the exhaustion requirement. Accordingly, Petitioner's federal petition is dismissed without prejudice for failure to exhaust his state court remedies.

### IV. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional

right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, a certificate of appealability shall not issue.

It is therefore ORDERED that Respondent's Motion to Dismiss (ECF no. 14), filed on April 22, 2016, is GRANTED.

It is further ORDERED that Petitioner's application for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

It is finally ORDERED that a certificate of appealability is DENIED.

**SIGNED** on May 10, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE